The order below is hereby signed.

Signed: March 9 2026



_____
Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-378-ELG |
| | ) | |
| BROUGHTON CONSTRUCTION CO., LLC | ) ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WENDELL WEBSTER, in his official capacity as chapter 7 trustee and as assignee of Industrial Bank and Nationwide Mutual Insurance Company | ) ) ) ) | Adv. Case No. 25-10054-ELG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SQUARE FUNDING LLC d/b/a SQUARE ADVANCE | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## SCHEDULING ORDER

This Scheduling Order sets forth the following critical pre-trial deadlines and hearing dates

in this Adversary Proceeding.

1.    **Discovery**. Unless modified by order of this court, the following discovery

deadlines apply:

1

a.  The deadline for the parties to complete discovery is July 13, 2026. All written discovery requests, including interrogatories, requests for production, and depositions, upon written questions shall be made at a sufficiently early date to assure that the time for response expires before the discovery completion deadline.

b.  The parties shall make the disclosures of expert testimony required by Rule 7026(a)(2) of the Federal Rules of Bankruptcy Procedure no later than April 13, 2026, or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 7026(a)(2)(B) of the Federal Rules of Bankruptcy Procedure, on or before 30 days after the disclosure made by the other party.

2.  **Waiver of Rule 26(a)(1) Disclosures**. To the extent applicable, the parties have agreed to waive the making of disclosures under Federal Rule of Civil Procedure 26(a)(1) and Federal Rule of Bankruptcy Procedure 7026, but any party may seek such information through discovery.

3.  **Final Pretrial Conference**. A final pretrial conference ("Final Pretrial Conference") will be held on September 23, 2026 at 10:00 am via hybrid hearing, at which a trial date will be scheduled, and deadlines set for filing and exchanging lists of trial witnesses and exhibits and pre-trial statements.

4.  **Settlement Conference**. Counsel and/or unrepresented parties shall hold at least one settlement conference after the discovery deadline and before the Final Pretrial Conference to try to settle this matter.

5.  **Summary Judgment or Other Dispositive Motions**. All motions for summary judgment or other dispositive motions shall be filed on or before August 12, 2026, responses shall

be filed on or before September 2, 2026, and replies, if any, shall be filed or before September 16, 2026.

6. **Joinder of Other Parties**. Motions for joinder of parties shall be filed no later than 30 days prior to the Final Pretrial Conference.

7. **Demand for Jury Trial**. All motions, pleadings, or other documents filed to demand a trial by jury shall be filed within 14 days of entry of this Order.

8. **Availability of Mediation**. Pursuant to Local Civil Rule 84.4 of the Local Rules of the United States District Court for the District of Columbia, this case may be assigned to the Mediation Program by joint request of the parties at any time sufficiently in advance of a scheduled trial as to not delay the trial or by the Court at either the initial or final pretrial conference. To request mediation, the parties must submit a consent order signed by all counsel (or by the parties themselves, if not represented by counsel) requesting referral to the Mediation Program. Pursuant to Local Civil Rule 84.5, after entry of an order referring a case to mediation, the mediation staff will appoint from the Court's panel a mediator who is available during the appropriate period and who has confirmed, following such inquiry as may be appropriate, that no personal or professional conflict precludes his/her participation as mediator. The Circuit Executive's Office will notify the parties of the appointment. The Local Civil Rules governing the Mediation Program shall apply to all matters assigned to the Mediation Program and the parties are encouraged to familiarize themselves with the same.

9. **Settlement**. If the parties reach a settlement, they shall file a motion pursuant to Bankruptcy Rule 9019 requesting approval of the settlement pursuant to Local Bankruptcy Rule 9019-1.

10.     **Jurisdiction**. The parties, by endorsing this order, consent to the entry of final

orders by the Bankruptcy Court.

**END OF ORDER**

We ask for this:

/s/ Maurice B. VerStandig
Maurice VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com

*Special Counsel for Wendell Webster in*
*His Official Capacity as Chapter 7 Trustee*

/s/ Christopher A. Jones (signed w/ express permission)
Christopher A. Jones, Esq.
Bar No. VA030
Whiteford Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9263
cajones@whitefordlaw.com

Shanna M. Kaminski, Esq.
Kaminski Law, PLLC
*Court Admission Pending*
P.O. Box 247
Grass Lake, MI 49240
(248) 462-7111 (telephone)
Email: skaminski@kaminskilawpllc.com

*Counsel for Square Funding, LLC*