Christopher A. Jones (Bar# VA030)
Whiteford Taylor & Preston L.L.P
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
(703) 280-9263 (telephone)
Email: cajones@whitefordlaw.com

*Counsel for Square Funding, LLC*

Shanna M. Kaminski, Esq.
Kaminski Law, PLLC
Court Admission Pending
P.O. Box 247
Grass Lake, MI 49240
(248) 462-7111 (telephone)
Email: skaminski@kaminskilawpllc.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| BROUGHTON CONSTRUCTION CO., LLC, | ) Case No. 23-378-ELG<br>) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| WENDALL WEBSTER, in this official Capacity as chapter 7 trustee and as assignee of Industrial Bank and Nationwide Mutual Insurance Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No. 25-10054-ELG |
| | ) |
| SQUARE FUNDING, LLC dba SQUARE ADVANCE | ) |
| | ) |
| Defendant. | ) |

## RESPONSES AND OBJECTIONS TO FIRST REQUESTS FOR PRODUCTION TO SQUARE FUNDING, LLC

Defendant, Square Funding, LLC ("Square"), by and through its undersigned counsel, for its *Responses and Objections to First Requests for Production to Square Funding, LLC* states as follows:

## OBJECTIONS TO DEFINITIONS

Square objects to the definition of the terms "you" and "your" because they are overly broad. Specifically, the definition does not just include Square and its agents – the common meaning of "you" and "your." The definition includes "third parties or legal entities acting, or purporting to act, on your behalf, in concert with you, or under your control" which is unquestionably overly broad. For example, attorneys used by Square would be synonymous with Square based on this definition. Even entities that Square is not even aware of that are "purporting to act" on its behalf are included in the definition. It would be impossible for Square to even know if that were the case to properly respond. Based upon this objection, Square will be construing "you" and "your" as Square and any known agents of Square in its responses.

## INSTRUCTIONS

Square objects to Instruction 2 to the extent it requires a privilege log or any of the details outlined for privileged attorney-client communications. It is clear that if there are any documents responsive that are attorney-client communications, such communications would never be ordered to be produced by a court. As such, preparing a privilege log causes extra, unnecessary work and obligations – in other words, it would be unduly burdensome for no conceivable reason. To the extent that there are any responsive attorney-client communications, Square will not be producing such documents and not providing a privilege log for such documents based upon this objection.

## RESPONSES AND SPECIFIC OBJECTIONS

1.      All documents you plan to introduce into evidence, offer as exhibits, or otherwise make part of the record in any hearing, or in support of any written motion, in the Action.

**RESPONSE:** Square objects to Request 1 because it is premature. Square just answered this complaint approximately sixty (60) days ago. Since it is early on in the case, Square does not know

at this time *all* evidence that it will introduce into evidence, offer as exhibits, or otherwise make part of the record in any hearing, or in support of any written motion. Subject to and without waiving this objection, Square states that it will produce documents that it, to date, has identified as documents that it intends to introduce into evidence, offer as exhibits, or otherwise make part of the record.

2.      All documents Square has received from any third party in response to any subpoena issued in connection with the above-captioned bankruptcy proceeding or any adversary proceeding filed in connection with the above-captioned bankruptcy proceeding.

**RESPONSE:** There are no documents responsive to Request 2.

3.      All documents CFG has received from any third party in response to any subpoena issued in connection with any judicial action to which both CFG and the Debtor are or were parties.

**RESPONSE:** There are no documents responsive to Request 3.

4.      All agreements and/or contracts, to which both Square and the Debtor are or were parties, first executed at any time from January 1, 2022, through the present.

**RESPONSE:** Square will produce responsive documents.

5.      All communications between CFG and the Debtor (inclusive of any officers, directors, or other agents of the Debtor), from January 1, 2022, through the present.

**RESPONSE:** Square objects to Request 5 because it is overly broad and unduly burdensome. The Trustee requests communications over a 4-year period. Subject to and without waiving this objection, Square states that, to the extent there are any responsive documents, it will produce documents responsive to Request 5 within a reasonable time.

6.      All documents evidencing the transfer of monies, from Square to the Debtor, from January 1, 2022, through the present.

**RESPONSE:** Square will produce documents responsive to Request 6 within a reasonable time.

7.    All documents evidencing the transfer of monies, from the Debtor or from any accounts held in the name of the Debtor, to CFG, from January 1, 2019, through the present.

**RESPONSE:** Square will produce documents responsive to Request 7.

8.    All e-mails sent by Square (or any employee or agent of Square if sent through an e-mail account maintained by Square), from January 1, 2022 through the present, in which any of the following quoted words or terms are present (with such words and terms to be searched sans the quotation marks and other grammatical markings—except for dashes and periods—set forth below):

"Broughton,"

"Casey Stringer,"

"Wendell Webster,"

"Wendell W. Webster,"

"Justin Fasano,"

"Justin P. Fasano,"

"Christopher Rogan,"

"Christopher L. Rogan,"

"Maurice VerStandig,"

"Maurice B. VerStandig,"

"Mac VerStandig,"

"23-00378,"

"23-378,"

"23-00378-ELG," and/or

"23-378-ELG"

*except* e-mails sent solely between an attorney and a client, concerning the above-captioned

bankruptcy case or the Action, shall be expressly excluded from the scope of this Request and,

notwithstanding Instruction #2, *supra*, there shall not be a need to prepare a privilege log for

such attorney/client communications.

**RESPONSE:** Square objects to Request 8 because it is overly broad and unduly burdensome. The

Trustee requests communications over a 4-year period. Subject to and without waiving this

objection, Square states that it will produce documents responsive to Request 8, to the extent there

are any responsive documents, within a reasonable time.

9.    All e-mails sent to Square (or any employee or agent of Square if sent through an

e-mail account maintained by Square), from January 1, 2022 through the present, in which any of

the following quoted words or terms are present (with such words and terms to be searched sans

the quotation marks and other grammatical markings—except for dashes and periods—set forth

below):

"Broughton,"

"Casey Stringer,"

"Wendell Webster,"

"Wendell W. Webster,"

"Justin Fasano,"

"Justin P. Fasano,"

"Christopher Rogan,"

"Christopher L. Rogan,"

"Maurice VerStandig,"

"Maurice B. VerStandig,"

"Mac VerStandig,"

"23-00378,"

"23-378,"

"23-00378-ELG," and/or

"23-378-ELG"

*except* e-mails sent solely between an attorney and a client, concerning the above-captioned bankruptcy case or the Action, shall be expressly excluded from the scope of this Request and, notwithstanding Instruction #2, *supra*, there shall not be a need to prepare a privilege log for such attorney/client communications.

**RESPONSE:** Square objects to Request 9 because it is overly broad and unduly burdensome. The Trustee requests communications over a 4-year period. Subject to and without waiving this objection, Square states that it will produce documents responsive to Request 9, to the extent there are any responsive documents, within a reasonable time.

10.    All contracts or other agreements, bearing the verbiage "Standard Merchant Cash Advance Agreement" on the first page thereof, entered into between Square and any third party, from January 1, 2021, through December 31, 2022.

**RESPONSE:** Square objects to Request 10 because it seeks information that is outside the scope of discovery because it is not relevant to the claims and defenses in this case.  The only contracts at issue in this case are those between Square and the Debtor.  Square's contracts with third parties are unquestionably irrelevant to the claims and defense in this case.  Square also objects to Request 10 because it is unduly burdensome. There are thousands of contracts that are relevant to this

request. The burden of compiling them far outweighs and probative value they would have in this case (which is none). Square is not producing documents based upon these objections.

11.    All documents evidencing the transfer of money, from Square to any third party, pursuant to the provisions of any contract or agreement produced in response to Request 11.

**RESPONSE:** Square objects to Request 11 because it seeks information that is outside the scope of discovery because it is not relevant to the claims and defenses in this case. Money paid by Square to third parties is totally irrelevant to the claims and defenses in this case. Square also objects to Request 10 because it is unduly burdensome. Again, there are thousands of contracts that are arguably relevant to this request. The burden of compiling the data of what was transferred pursuant to them far outweighs and probative value they would have in this case (which is none). Additionally, this information is private information of other businesses. Any documents would include account information and other private data that, by law, Square must keep private and not disclose. Square is not producing documents based upon this objection.

12.    All documents evidencing the receipt of money, by Square, pursuant to the provisions of any contract or agreement produced in response to Request 10.

**RESPONSE:** Square objects to Request 12 because it seeks information that is outside the scope of discovery because it is not relevant to the claims and defenses in this case. The only contracts at issue in this case are those between Square and the Debtor and the remittances under those contracts. Square's contracts with third parties are unquestionably irrelevant to the claims and defense in this case. Square also objects to Request 12 because it is unduly burdensome. There are thousands of contracts that are relevant to this request. The burden of compiling them far outweighs and probative value they would have in this case (which is none). Square is not producing documents based upon this objection.

13.    Each communication, from any third party to you, pursuant to the provisions of any contract or agreement produced in response to Request 10, in which the third party requests an adjustment or change in the amount of monies to be tendered to more closely reflect the third party's actual receipt of revenues, where such communication was received by you between January 1, 2021 and December 31, 2023.

**RESPONSE:** Square objects to Request 13 because it seeks information that is outside the scope of discovery because it is not relevant to the claims and defenses in this case.  The only contracts at issue in this case are those between Square and the Debtor and the remittances under those contracts.  Square's contracts with third parties are unquestionably irrelevant to the claims and defense in this case.  Square also objects to Request 13 because it is unduly burdensome. There are thousands of contracts that are relevant to this request.  The burden of compiling them far outweighs and probative value they would have in this case (which is none). Square is not producing documents based upon this objection.

14.    All subpoenas issued pursuant to the authority of any state, federal or tribal court, directed to Square, between the dates of January 1, 2022, and December 31, 2022.

**RESPONSE:** Square objects to the request because it is outside the scope of discovery as it requests information that is not relevant to the claims and defenses in this case.  Square gets countless subpoenas from law enforcement, etc. related to all sorts of matters including subpoenas related to businesses that it never even entered into transactions with. Any and all subpoenas Square received during the time period are clearly not relevant to the claims and defenses in this case – a case that involves Broughton Construction only.  Subject to and without waiving this objection, Square states it has received no subpoenas issued pursuant to the authority of any state,

federal or tribal court, directed to Square, between the dates of January 1, 2022, and December 31, 2022, related to Broughton Construction.

15. All subpoenas issued pursuant to the authority of any state, federal or tribal court, directed to Square, between January 1, 2025, and the present.

**RESPONSE:** Square objects to the request because it is outside the scope of discovery as it requests information that is not relevant to the claims and defenses in this case. Square gets countless subpoenas from law enforcement, etc. related to all sorts of matters including subpoenas related to businesses that it never even entered into transactions with. Any and all subpoenas Square received during the time period are clearly not relevant to the claims and defenses in this case – a case that involves Broughton Construction only. Subject to and without waiving this objection, Square states it has received no subpoenas issued pursuant to the authority of any state, federal or tribal court, directed to Square related to Broughton Construction.

16. All communication between Square and any officer or agent of the Office of the New York State Attorney General, from January 1, 2022, through the present.

**RESPONSE:** Square objects to the request because it is outside the scope of discovery as it requests information that is not relevant to the claims and defenses in this case. Communications unrelated to Broughton Construction are clearly not relevant to the claims and defense in this case. Subject to and without waiving this objection, Square states there have been no communications between Square and any officer or agent of the Office of the New York State Attorney General, from January 1, 2022, through the present related to Broughton Construction.

17. All communications between Square and any officer or agent of the New Jersey Office of Attorney General, from January 1, 2022, through the present.

**RESPONSE:** Square objects to the request because it is outside the scope of discovery as it requests information that is not relevant to the claims and defenses in this case. Communications unrelated to Broughton Construction are clearly not relevant to the claims and defense in this case. Subject to and without waiving this objection, Square states there have been no communications between Square and any officer or agent of the New Jersey Office of Attorney General, from January 1, 2022, through the present related to Broughton Construction.

Dated: April 21, 2026

Respectfully Submitted,

SQUARE FUNDING, LLC

Christopher A. Jones (Bar# VA030)
Whiteford Taylor & Preston L.L.P
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
(703) 280-9263 (telephone)
Email: cajones@whitefordlaw.com

Shanna M. Kaminski, Esq.
Kaminski Law, PLLC
*Court Admission Pending*
P.O. Box 247
Grass Lake, MI 49240
(248) 462-7111 (telephone)
Email: skaminski@kaminskilawpllc.com

*Counsel for Square Funding, LLC*

<u>**Certificate of Service**</u>

I hereby certify that on this 21st day of April, 2026, a copy of the foregoing *Responses and Objections to First Requests for Production to Square Funding, LLC* served via email on the following person:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
mac@mbvesq.com

11